## COMMONWEALTH *vs.* ROSWELL FRANKLIN.

On a trial for adultery, at which the defendant's desertion of his wife and continuing to live apart from her are relied on in support of the prosecution, a witness for the Com-monwealth, who has testified that he had acted, in the prosecution, in support of the interest of the wife, who was his sister, cannot be asked, on cross-examination, about admissions made to him by the wife concerning the particulars of the separation.

INDICTMENT for adultery. At the trial in the court of com-mon pleas, before *Briggs*, J., the district attorney, in opening

the case to the jury, stated that the evidence would be wholly circumstantial, and that the facts that the defendant had a wife and children living, and had abandoned his wife some years ago, were among the circumstances on which the Common-wealth would rely.

One Hitchcock, who gave material testimony in support of the prosecution, testified on cross-examination that he made the complaint on which the defendant was arrested and held for. trial; that he, together with one White, had consulted counsel and looked up evidence for the prosecution; that his object in consulting counsel was to get some support from the defendant for the defendant's. wife and children; and that counsel told him that the best thing to be done was to make the complaint against the defendant for adultery.

White, being also called as a witness for the Commonwealth, testified that the defendant's wife was the sister of the witness, and had several children by the defendant, who were still living, and that the defendant had separated from her three years ago, and had not lived with her since. On cross-examination, White testified, that he, with Hitchcock, had consulted counsel and prepared the case for the prosecution; that his object was to get the defendant's wife a divorce and the control of her children. The witness was then asked by the defendant, without objection, if he knew the particulars of the separation of the defendant from his wife, and answered that he did not of his own knowledge. The defendant then asked him if he had heard the particulars from the defendant's wife; and whether he had heard from the defendant's wife that, by agreement between her and the defendant, the defendant was to take some of the children, and she was to take the others. But each of these questions was objected to, and ruled out. There was evidence tending to show that, since the separation, the defendant had partially supported two of the children, and his wife the others. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. Allen, Jr.* for the defendant. The conversations of the defendant's wife with White, and the fact that he had had such conversations, were competent on cross-examination, as

tending to discredit the witness, testing his means of knowledge, and his disposition and bias ; and as showing the connection of the wife with the prosecution.  Evidence that the defendant had not deserted his wife, or deprived her of the custody of the children, or neglected their support, was competent, in reply to the opening and the evidence for the prosecution.  1 Greenl. Ev. § 468.  1 Stark. Ev. (4th Amer. ed.) 145, 2 Russell on Crimes, (7th Amer. ed.) 915, *note*.  The declarations were competent evidence to prove the character of the separation, and the arrangement as to the custody of the children ; she being a person having peculiar means of knowledge, who could not herself be called as a witness by the defendant, and making declarations against her interests.  1 Smith's Lead. Cas. 139 & seq. 2 Smith's Lead. Cas. 183 & seq.  *Crane* v. *Gough*, 4 Maryland, 316.  *Johnson* v. *Sherwin*, 3 Gray, 374.  *Jacobs* v. *Whitcomb*, 10 Cush. 255.  They were also admissible as belonging to the *res gestæ*, accompanying and explaining the continuing acts of living apart from her husband, and of retaining the custody of their children.  1 Greenl. Ev. §§ 108–110.  *Lund* v. *Tyngsborough*, 9 Cush. 36.  And they were competent as the declarations of a party interested in the prosecution.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J.  We cannot find any ground upon which the rejected testimony was admissible.  In the first place, it was irrelevant to the issue.  It would have had no tendency to show that the defendant was not guilty of the offence with which he was charged.  In the second place, if the testimony would have had that tendency, then it would have been inadmissible, because a wife is not a competent witness for her husband, nor her declarations in his favor competent evidence for him.  Nor could the testimony, as we can perceive, have affected the credit of the witness any further than it might before have been affected by his admission that he was acting, in this prosecution, in reference to the interest of the wife, who was his sister.  How a mitigated account, given by the wife to the witness, of her separation from the defendant, would have manifested a greater bias in the witness than had already appeared, is not readily discerned.

*Exceptions overruled.*